# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Commissioner of the West Virginia**
**Division of Motor Vehicles,**
**Petitioner Below, Petitioner**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0501** (Kanawha County 12-AA-111)

**Gerald Brewer,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), by counsel Elaine L. Skorich, appeals the Circuit Court of Kanawha County's final order affirming the decision of DMV's hearing examiner that there was insufficient evidence that respondent operated a vehicle under the influence of alcohol. Respondent Gerald Brewer, by counsel J. Bryan Edwards, filed a response. DMV filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, the record presented, and the applicable law, the Court finds that the circuit court erred by affirming the hearing examiner's decision that erroneously concluded that DMV failed to establish the legitimacy of the investigatory stop of respondent's vehicle. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than opinion.

On October 9, 2010, respondent was arrested and charged with driving under the influence of alcohol and proximately causing bodily injury to another person. The arrest stemmed from respondent's vehicle striking State Police Trooper J.W. Newman, who was directing traffic following a West Virginia University football game in Morgantown.[1] Trooper Newman was directing traffic with Trooper I.M. Harmon at the time of the incident. A third officer, Trooper Jason R. Celapino ("Investigating Officer") was dispatched to take over the investigation and arrived at the scene approximately thirty minutes after the incident.

---

[1]According to DMV, Trooper Newman experienced pain and discomfort, and was transported to a nearby hospital for examination and treatment. Respondent counters that based on the medical record presented at the hearing, Trooper Newman did not suffer any injury as a result of the incident.

1

The Investigating Officer completed the West Virginia DUI Information Sheet based mostly on the information he learned from Trooper Harmon at the scene.[2] Specifically, he noted that Trooper Harmon administered three field sobriety tests to respondent and respondent failed all three tests. In addition, Trooper Harmon reported that respondent failed the preliminary breath test, which showed that respondent's blood alcohol concentration was 0.138 percent, exceeding the legal limit of 0.08 percent.[3] Trooper Harmon noted that he detected the smell of alcohol on respondent's breath and that respondent had glassy eyes. Trooper Harmon noted, however, that respondent was normal exiting his vehicle, walking to the roadside, and standing, and that his speech was polite.

After being briefed by Trooper Harmon, personally detecting the smell of alcohol on respondent's breath, and witnessing that respondent's eyes were "slightly glassy," the Investigating Officer arrested respondent and transported him to the State Police detachment in Morgantown for the purpose of administering a secondary chemical test of respondent's breath. The result of the secondary chemical test showed that respondent's blood alcohol concentration was 0.154 percent. During a post-arrest interview, respondent stated that he had consumed four beers, but did not specify when he had done so. Respondent denied in his statement that he was driving under the influence of alcohol.

DMV sent respondent an Order of Revocation of respondent's driving privileges on November 9, 2010. Respondent timely appealed, and the Office of Administrative Hearings conducted a hearing on May 4, 2011. At the hearing, DMV called the Investigating Officer to testify, but did not call Trooper Harmon or Trooper Newman, prompting respondent to object at the beginning of the hearing to the admission of the DUI Information Sheet on hearsay grounds.[4] The Investigating Officer testified that although he did not observe respondent strike Trooper Newman with his vehicle or the field sobriety tests administered to respondent by Trooper Harmon, he personally detected alcohol on respondent's breath and observed that his eyes were "slightly glassy." Respondent did not testify at the administrative hearing or present any witnesses on his behalf.

In his August 8, 2012, decision, the hearing examiner sustained respondent's objection to the admission of the DUI Information Sheet. He concluded that while the Investigating Officer completed the form, he obtained the majority of his information from Trooper Harmon, who was not present at the hearing to testify or to be cross-examined by respondent. The hearing examiner

---

[2]The Investigating Officer testified that he also spoke with Trooper Newman at the scene, who confirmed that he was struck by respondent's vehicle. Additionally, according to the Investigating Officer's testimony, respondent admitted to him at the scene that he was driving the vehicle on his way home from the football game.

[3] West Virginia Code § 17C-5-8(a)(3).

[4]The hearing examiner marked the document for identification and took respondent's motion under advisement. Respondent's counsel lodged hearsay objections throughout the Investigating Officer's testimony. The hearing examiner "noted" the objections, but allowed the Investigating Officer's testimony to continue.

2

found that DMV failed to demonstrate that the Investigating Officer had reasonable grounds to believe respondent was, in fact, under the influence of alcohol. The hearing examiner stated as follows:

> West Virginia Code § 17C-5A-2(f) mandates specific findings that must be made by the Hearing Examiner when reaching a decision regarding whether the administrative revocation of an individual's driving privileges for driving under the influence should be upheld. In the instant case, the record is absent any credible testimony regarding the articulable reasonable suspicion for the traffic stop of the Petitioner's motor vehicle.
>
> The Respondent's [DMV's] failure to establish the legitimacy of the initial investigative stop of the motor vehicle driven by Petitioner on the date of the stated offense precludes the consideration of evidence obtained incidental to that stop. Such evidence is crucial to support a determination that probable cause existed to believe that the Petitioner had been driving a motor vehicle in this State while under the influence of alcohol and that he was lawfully arrested for the offense.

Consequently, the hearing examiner found that the only evidence to sustain the arrest was the smell of alcohol on respondent's breath and his "slightly glassy" eyes as personally observed by the Investigating Officer. The hearing examiner reversed the Order of Revocation and concluded that "[t]here was insufficient evidence that the Investigating Officer had probable cause to believe that [respondent] drove a motor vehicle in this State while under the influence of alcohol" and that "[t]here was insufficient evidence to prove that [respondent] was lawfully arrested for an offense described in West Virginia Code § 17C-5-2."[5]

DMV appealed the hearing examiner's decision to the circuit court. By Final Order entered on February 28, 2013, the circuit court affirmed the hearing examiner's decision and agreed with the hearing examiner's disregard for the evidence contained in the DUI Information Sheet. The circuit court made no mention of the results of the secondary chemical test. From this order, DMV appeals to this Court.

The standard of review for a license revocation proceeding is as follows:

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In

---

[5]The Chief Hearing Examiner approved the hearing examiner's decision on August 14, 2012.

3

excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syl. Pt. 2, *Shepherdstown Volunteer Fire Dep't v. State ex rel. State of W.Va. Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983). While the court must give deference to the administrative agency's factual findings and review those findings under a clearly wrong standard, the court applies a de novo standard of review to the agency's conclusions of law. *Muscatell v. Cline,* 196 W.Va. 588, 595, 474 S.E.2d 518, 525 (1996). Finally, "[e]videntiary findings made at an administrative hearing should not be reversed unless they are clearly wrong." Syl. Pt. 1, *Francis O. Day Co., Inc. v. Director, Div. of Environmental Protection,* 191 W.Va. 134, 443 S.E.2d 602 (1994).

On appeal, DMV argues (1) that the circuit court erred by ignoring the results of the secondary chemical test, and (2) that the circuit court was clearly wrong in concluding as a matter of law that respondent did not drive under the influence of alcohol.[6] Based upon our review of the record, it is clear that the hearing examiner and the circuit court disregarded the evidence that respondent's vehicle was stopped after he struck an officer who was directing traffic. Under such a circumstance, we find that the officers on the scene were justified in stopping respondent's vehicle. We, therefore, find the hearing examiner's determination that "DMV failed to establish the legitimacy of the initial investigative stop" of respondent's vehicle to be clearly erroneous.

Because we find the investigatory stop to be legitimate, we must then turn to examine the evidence that respondent was driving under the influence. In this respect, the hearing examiner and the circuit court disregarded evidence that respondent was under the influence, except for the evidence that respondent's breath smelled of alcohol and that his eyes were "slightly glassy." Stated another way, the other evidence of respondent's intoxication – including that respondent failed the preliminary breath test, failed the field sobriety tests, and failed the secondary chemical test with a result of 0.154 percent – was wholly disregarded. We find this conclusion to be clearly erroneous and reversal is warranted.

West Virginia Code § 29A-5-2(b) provides as follows:

All evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or

---

[6]In its reply brief, DMV argues for the first time that the hearing examiner's and circuit court's decisions are tantamount to an improper application of the exclusionary rule, and therefore, run afoul of our recent decisions in *Miller v. Toler,* 229 W.Va. 302, 729 S.E.2d 137 (2012) and *Miller v. Smith,* 229 W.Va. 478, 729 S.E.2d 800 (2012). Because we reverse on other grounds, we need not address DMV's argument in this regard.

4

evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference.

First, from our review of the record, it does not seem genuinely disputed that respondent was driving the vehicle that struck Trooper Newman and that was the basis for stopping respondent's vehicle. Second, with respect to the results of the secondary chemical test that was personally administered by the Investigating Officer and that revealed respondent's blood alcohol content was almost double the legal limit, the circuit court failed to even acknowledge this evidence. Third, in the context of driver's license revocation proceedings, we have held that the statement of an arresting officer is admissible under West Virginia Code § 29A-5-2. Syl. Pt. 3, *Crouch v. W.Va. Div. of Motor Vehicles,* 219 W.Va. 70, 631 S.E.2d 628 (2006).[7] In *Crouch,* we reinstated a license revocation where the circuit court determined that the statement of an arresting officer should not have been admitted and reversed the revocation. Ms. Crouch, like the respondent in the present case, contended that admission of the officer's written statement in the administrative hearing violated the rules of evidence that apply to DMV license revocation proceedings pursuant to West Virginia Code § 29A-5-2(a).[8] This Court held that

> [a]lthough W.Va. Code § 29A-5-2(a) has made the rules of evidence applicable to DMV proceedings generally, W.Va. Code § 29A-5-2(b) [footnote omitted] has carved out an exception to that general rule in order to permit the admission of certain types of evidence in administrative hearings that may or may not be admissible under the Rules of Evidence. [footnote omitted]. Moreover, inasmuch as we view W.Va. Code § 29A-5-2(a) as a statute pertaining to the application of the Rules of Evidence to administrative proceedings generally, while W.Va. Code § 29A-5-2(b) specifically addresses the admission of particular types of evidence, W.Va. Code § 29A-5-2(b) would be the governing provision.

---

[7]In *Crouch,* we also pointed out that the document's admissibility does not preclude its contents from being challenged; rather, the admission creates a rebuttable presumption of its accuracy. *Id.* at 76 n.12, 631 S.E.2d at 634 n.12. In the present case, while respondent cross-examined the Investigating Officer regarding the incident and the reliability of the preliminary breath test, respondent offered no testimony of his own to rebut the presumption that the contents of the DUI Information Sheet were accurate.

[8]West Virginia Code § 29A-5-2(a) states:

In contested cases irrelevant, immaterial, or unduly repetitious evidence shall be excluded. The rules of evidence as applied in civil cases in the circuit courts of this state shall be followed. When necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible thereunder may be admitted, except where precluded by statute, if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs. Agencies shall be bound by the rules of privilege recognized by law. Objections to evidentiary offers shall be noted in the record. Any party to any such hearing may vouch the record as to any excluded testimony or other evidence.

*Crouch,* 219 W.Va. at 75, 631 S.E.2d at 633.[9] *See also, Dale v. Odum,* __ W.Va. __, __ S.E.2d __, 2014 WL ------, slip op. (Nos. 12-1403 and 12-1509, Feb. 11, 2014) (relying on *Crouch* to reinstate a license revocation where the driver argued that the evidence contained in the DUI Information Sheet was inadmissible hearsay).

Based on our holding in *Crouch* and under the facts and circumstances presented in this case, we believe the hearing examiner and the circuit court were clearly wrong to wholly disregard the evidence that while driving a vehicle in this state, respondent struck a State Police Trooper who was directing traffic, thus establishing a valid reason for the stop of respondent's vehicle; that respondent's breath smelled of alcohol; that his eyes were glassy or "slightly glassy;" that respondent failed three sobriety tests; that respondent failed a preliminary breath test; and that respondent failed a secondary chemical test, all of which was sufficient to establish by a preponderance of the evidence that respondent drove a vehicle in this state while under the influence of alcohol.

For the foregoing reasons, we reverse the Final Order of the Circuit Court of Kanawha County entered on February 28, 2013, and remand the matter to the circuit court for an order reinstating the November 9, 2010, Order of Revocation.

Reversed and remanded.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[9]In addition, we stated that the document would nevertheless be admissible under Rule 803(8)(C), which provides an exception to the hearsay rule for "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions . . . , factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." *Crouch,* 219 W.Va. at 75 n.10, 631 S.E.2d at 633 n.10. Respondent put forth no evidence that impugned the trustworthiness of the source of information in the DUI Information Sheet.